UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROGER HARRINGTON,
      Plaintiff,

v.                                                                    C.A. No. 10-104-ML

C.H. NICKERSON & COMPANY, INC.,
Alias, JOHN DOE CORPORATION,
Alias, RICHARD ROE, Alias,
      Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on C.H. Nickerson & Company, Inc.'s ("Defendant")[1]

Motion to Dismiss for Lack of Personal Jurisdiction, or, in the Alternative, to Transfer Venue to

the United States District Court for the District of Massachusetts.  For the reasons set forth

below, Defendant's Motion to Dismiss is GRANTED.

## I. BACKGROUND

On or about February 5, 2007, Roger Harrington ("Plaintiff"), a resident of Glocester,

Rhode Island, was injured during the course of his work at the Northampton Water Treatment

Facility ("Job Site") in Williamsburg, Massachusetts. Compl. ¶ ¶ 1, 3, 9.  At that time, Plaintiff

was employed by The Erectors, L.L.C., a Connecticut corporation.  Id. ¶ 6.  Defendant was the

general contractor on the Job Site.  Id. ¶ 5.

Defendant is a Connecticut corporation with its principal place of business in Torrington,

Connecticut.  Miller Decl. ¶ 2.  Defendant does not maintain an office in Rhode Island, and does

---

[1] Richard Roe, alias, an unknown worker performing duties on the Job Site, and John Doe Corporation, alias, a contracting company working on the Job Site, are the other defendants.  For the purposes of this Motion, the Court refers to C.H. Nickerson & Company, Inc. as if it were the sole Defendant for clarity's sake.

1

not have any real or personal property in Rhode Island. Id. ¶ 3, 6. Defendant does not advertise

its construction business in the state of Rhode Island. Id. ¶ 8. Defendant is, however, registered

as a foreign corporation with the Rhode Island Secretary of State's office and has obtained a

Contractor Renovation License in Rhode Island. Id. ¶ 11.

In the past twenty-one years, Defendant has performed two jobs in Rhode Island. Miller

Decl. ¶ 12. First, in November 2000, Defendant performed a design and construction project in

Newport, Rhode Island. Id. ¶ 12A. That project took approximately two years and Defendant

was paid $4,687,130 for the project. Id. Second, in October 2003, Defendant performed another

design and construction project in Newport, Rhode Island. Id. ¶ 12B. The project lasted just

short of two years, and Defendant was paid $465,813. Id. More recently, Defendant was

awarded a project in Newport, Rhode Island valued at $5,000,000, but that project was put on

hold. Id. ¶ 12C. Additionally, in February and April of 2004, Defendant put unsuccessful bids

on projects in Rhode Island.[2] Miller Decl. ¶ 12C.

On January 7, 2010, Plaintiff filed a Complaint in the Providence County Superior Court.

The Complaint alleges that Defendant, as general contractor on the Job Site, failed to exercise

reasonable care for the safety of the persons working at the Job Site and that Plaintiff was injured

as a result of Defendant's negligence. Compl. ¶ ¶ 12, 17. On March 5, 2010, Defendant

removed the case to this Court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. On

June 21, 2010, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction, or, in the

Alternative, to Transfer Venue to Massachusetts.

---

[2] Defendant's total revenue between 2000 and 2010 was $706,000,000. Miller Decl. ¶ 14. The revenue generated from Defendant's work in Rhode Island during that period, including the project that is currently on hold, amounts to $10,152,943, or 1.4 percent of Defendant's total revenue. Id.

## II. <u>STANDARD OF REVIEW</u>

The Plaintiff carries the burden of establishing this Court's personal jurisdiction over Defendant. <u>Hannon v. Beard</u>, 524 F.3d 275, 279 (1st Cir. 2008). The Court makes this determination under one of three standards of review – the "*prima facie*" standard, the "preponderance" standard, or the "likelihood" standard. <u>Women & Infants Hosp. of R.I. v. Cmty. Health Network of Conn., Inc.</u>, 394 F. Supp. 2d 488, 490 (D.R.I. 2005).

The *prima facie* standard is the "most commonly used" method of determining a motion to dismiss for lack of personal jurisdiction. <u>Boit v. Gar-Tec Products, Inc.</u>, 967 F.2d 671, 675 (1st Cir. 1992). Where the proffered evidence is "rife with contradictions," however, the Court may require a plaintiff to establish more than a *prima facie* showing by applying either the "preponderance" standard or the "likelihood" standard. <u>Boit</u>, 967 F.2d at 676. Here, the Court applies the *prima facie* standard because the parties' factual allegations are largely consistent. The Court must therefore determine whether Plaintiff has made a *prima facie* showing that personal jurisdiction over Defendant is proper.

Under the *prima facie* evidence standard, the Court considers "only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." <u>Id.</u> at 675. The Court must "'accept the plaintiff's (properly documented) evidentiary proffers as true for the purpose of determining the adequacy of the prima facie showing.'" <u>Women & Infants Hosp. of R.I.</u>, 394 F. Supp.2d at 490 (quoting <u>Mass. Sch. of Law at Andover, Inc., v. Am. Bar Ass'n</u>, 142 F.3d 26, 34 (1st Cir. 1998)). The Court "then add[s] to the mix facts put forward by the defendant[], to the extent that they are uncontradicted." <u>Id.</u>

3

### III. ANALYSIS

To determine whether Plaintiff has made a *prima facie* showing that Defendant should be subject to personal jurisdiction in Rhode Island, the Court must engage in a two-fold analysis. First, the Court must determine whether, as Plaintiff contends, Defendant consented to be subject to the jurisdiction of courts in Rhode Island by registering to do business and appointing an agent to receive service of process in Rhode Island. If the Court finds that Defendant consented to the jurisdiction of Rhode Island courts, the Court need not proceed to the second question. If, however, the Court concludes that Defendant did not consent to the jurisdiction of Rhode Island courts, the Court must determine whether Plaintiff has established that exercising personal jurisdiction over Defendant comports with Rhode Island's long-arm statute and Due Process. Harlow v. Children's Hosp., 432 F.3d 50, 57 (1st Cir. 2005).

### A.    Defendant's Consent to Personal Jurisdiction in Rhode Island

Plaintiff argues that the Court's exercise of personal jurisdiction over Defendant is proper because Defendant consented to be subject to the jurisdiction of courts in Rhode Island by registering to do business and appointing an agent to receive service of process in the state of Rhode Island. In response, Defendant does not dispute that it is registered as a foreign corporation and has obtained a Contractor Renovation License in Rhode Island. Miller Decl. ¶ 11. Rather, Defendant argues that corporate registration is not, on its own, sufficient to confer personal jurisdiction and that the Court must therefore engage in the "minimum contacts" constitutional analysis.

Plaintiff relies primarily on Holloway v. Wright & Morrissey, Inc., 739 F.2d 695 (1st Cir. 1984), to argue that Defendant's registration to do business in Rhode Island is sufficient to confer

personal jurisdiction over Defendant in Rhode Island.  The plaintiff in <u>Holloway</u> was a New Hampshire resident who was injured on a construction site in Burlington, Vermont. 739 F. 2d at 696.  The plaintiff was employed by a New Hampshire corporation that had entered into a subcontract with the defendant, a Vermont corporation, in the state of New Hampshire.  <u>Id.</u>  The plaintiff brought suit in New Hampshire, alleging that the defendant had consented to personal jurisdiction in New Hampshire, because it had appointed an agent for service of process there. <u>Id.</u> at 697.

In <u>Holloway</u>, the First Circuit held that "at least where litigation is causally connected to the defendant's acts in New Hampshire, and where New Hampshire has an interest in the litigation," a Defendant who authorizes its agent to receive service of process in New Hampshire thereby consents to jurisdiction in that state.  <u>Holloway</u>, 739 F.2d at 699.  The Court did not "reach the question [of] whether [New Hampshire's long-arm statute] would authorize a suit on a cause of action that has no relationship to the state of New Hampshire," because in that case, "the litigation [was] unquestionably related to that state."  <u>Id.</u>  The linchpin of the <u>Holloway</u> decision was, therefore, Plaintiff's allegation that he was assigned to work on the Vermont construction site as a result of a contract that the defendant had entered into in New Hampshire. <u>Id.</u>[3] <u>Holloway</u>, however, is factually distinguishable from this case.  Here, Plaintiff has not alleged <u>any</u> causal connection between this litigation and the state of Rhode Island.

In <u>Sandstrom v. Chemlawn Corp.</u>, 904 F. 2d 83 (1st Cir. 1990), although the First Circuit

---

[3] The United States District Court for the District of Maine has also adopted this interpretation of the <u>Holloway</u> decision.  It concluded that in <u>Holloway</u>, the First Circuit "did not reach the issue of whether *in personam* jurisdiction would be proper if the cause of action had no relationship to the state." <u>Sandstrom v. Chemlawn Corp.</u>, 727 F. Supp. 676 (D.Me. 1989).

did not reach the issue of whether licensure and appointment of an agent in the forum state "constituted a consensual submission to the jurisdiction of Maine's Courts," the Court did note that the district court had "disposed of this assertion convincingly" by focusing on the actual language and legislative intent behind the Maine registration statute.[4] <u>Sandstrom</u>, 904 F.2d at 89 n.6 (citing <u>Sandstrom</u>, 727 F. Supp. at 678-81).  The statutory provision in <u>Sandstrom</u> is very similar to its counterpart under Rhode Island law, because both statutory provisions require a foreign corporation to register an agent to receive service of process.[5]  Neither the Maine or Rhode Island registration statutes "equate receipt of process, []or appointment of an agent with submission to *in personam* jurisdiction." <u>Sandstrom</u>, 727 F. Supp at 679.  In fact, neither statute mentions *in personam* jurisdiction at all.

Most recently, in <u>Cossaboon v. Maine Medical Center</u>, 600 F.3d 25 (1st Cir. 2010), the First Circuit decided the question of whether New Hampshire courts had personal jurisdiction over a Maine corporation that was registered to do business in New Hampshire.  Again, the Court did not specifically address whether corporate registration constituted consent to personal jurisdiction in New Hampshire.  Rather, the court proceeded directly to the general jurisdiction analysis and opined that "[c]orporate registration in New Hampshire adds some weight to the

---

[4]While 13-A M.R.S.A § 1212(6) was repealed in 2001, effective in 2003, it is relevant to this analysis because the court in <u>Sandstrom</u> relied upon it.

[5] The Rhode Island statute, R.I. Gen. Laws § 7-1.2-1410(a), entitled "Service of process on foreign corporation" states – "(a) The registered agent appointed by a foreign corporation authorized to transact business in this state is an agent of the corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served."

The Maine Statute, 13-A M.R.S.A § 1212(6), entitled "Service of process on authorized foreign corporations; registered office and registered agent," states – "[t]he registered agent appointed by a foreign corporation authorized to do business in this State shall be an agent of such corporation for service of any process, notice or demand required or permitted by law to be served, and such service shall be binding upon the corporation."

jurisdictional analysis, but it is not alone sufficient to confer general jurisdiction." <u>Cossaboon</u>, 600 F.3d at 37.

This Court is mindful that "constitutional limitations on the exercise of personal jurisdiction over out-of-state defendants are rooted in principals of 'fundamental fairness.'" <u>Cossaboon</u>, 600 F.3d at 32 (quoting <u>Philips Exeter Acad. v. Howard Phillips Fund, Inc.</u>, 196 F.3d 284, 288 (1st Cir 1999)).  As such, this Court will not presume that Defendant consented to personal jurisdiction where there is no indication that either the Rhode Island legislature, or Defendant itself,  intended that corporate registration would serve as consent to personal jurisdiction in Rhode Island.  The Court therefore concludes that Plaintiff has not established that Defendant consented to personal jurisdiction in Rhode Island.

**B.**      <u>**Personal Jurisdiction Analysis**</u>

The Court must determine whether Plaintiff has established that exercising personal jurisdiction over Defendant comports with Rhode Island's long-arm statute and Due Process. <u>Harlow v. Children's Hosp.</u>, 432 F.3d 50, 57 (1st Cir. 2005).

A federal court may exercise personal jurisdiction over a defendant where "(1) [] the mandates of the forum state's long-arm statute have been satisfied, and (2) [where] the defendant has been hailed into the particular court in accordance with the due process clause of the Fourteenth Amendment to the United States Constitution."  <u>Russell v. Enterprise Rent-A-Car Co. of R.I.</u>, 160 F. Supp. 2d 239, 249 (D.R.I. 2001) (quoting <u>Levinger v. Matthew Stuart & Co.</u>, 676 F. Supp. 437, 439 (D.R.I. 1988)).

Rhode Island's long-arm statute, R.I. Gen. Laws § 9-5-33, provides for the exercise of personal jurisdiction to the fullest extent permitted under the United States Constitution.

Donatelli v. Nat'l Hockey League, 893 F.2d 459, 461 (1st Cir. 1990). This Court must therefore determine whether exercising jurisdiction over Defendant comports with Due Process. Due Process requires that Plaintiff establish "minimum contacts" between Defendant and the forum state, here Rhode Island, such that maintaining the action "does not offend 'traditional notions of fair play and substantial justice.'" In't Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

In the Complaint, Plaintiff contends that Defendant "is a foreign corporation subject to the jurisdiction of the State of Rhode Island," but does not specify whether he is asserting specific or general jurisdiction. Compl. ¶ 2. The Court will consider whether, under either standard, Plaintiff prevails on the question of *in personam* jurisdiction over Defendant.

### i.    Specific Jurisdiction

Where specific jurisdiction is asserted, the Court analyzes the minimum contacts by applying a three-prong test – (1) "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities;" (2) "the defendant's in-state contacts  must represent purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of the state's laws and making the defendant's involuntary presence before the state's courts foreseeable;" and (3) the "exercise of jurisdiction must be reasonable." Women & Infants Hosp., 394 F. Supp. 2d at 491 (quoting United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1992)).

Here, Plaintiff cannot establish that his negligence claim relates to any of Defendant's contacts with Rhode Island. Plaintiff was injured at a Job Site in Massachusetts that was

8

managed by a Connecticut company. Moreover, Plaintiff has presented no evidence that

Defendant could have anticipated being sued in Rhode Island, or that exercising jurisdiction over

Defendant in Rhode Island would be reasonable. The Court therefore concludes that Plaintiff has

failed to make a *prima facie* showing of specific jurisdiction over Defendant.

### ii.     General Jurisdiction

General jurisdiction is proper when the defendant has engaged in "continuous and

systematic activity, unrelated to the suit, in the forum state." United Elec., Radio & Mach.

Workers, 960 F.2d at 1088. The standard for general jurisdiction is "considerably more

stringent" then the specific jurisdiction standard. Donatelli, 893 F.2d at 463. A defendant's

"single or isolated items of activities in a state ... are not enough to subject it to suit on causes of

action unconnected with the activities there." Id. (quoting Int'l Shoe, 326 U.S. at 317).

Defendant's prior contacts with Rhode Island do not rise to the level of "continuous and

systematic activity." United Elec., 960 F.2d at 1088. Defendant does not maintain an office,

bank account, address, or telephone number in Rhode Island. Defendant does not have

employees in Rhode Island, nor does it have real or personal property in the state. Moreover,

Defendant does not advertise in Rhode Island. Miller Decl. ¶ ¶ 3-9.

As discussed above, over the past twenty-one years, Defendant has performed two jobs in

Rhode Island, and been awarded one project that was put on hold. Miller Decl. ¶ 12. Defendant

has also put forward two additional bids on projects within Rhode Island, both of which were

unsuccessful. Id. ¶ 13. Although the revenue generated from Defendant's work in Rhode Island,

including the project that is currently on hold, amounts to over $10 million, that sum represents

only 1.4 percent of Defendant's total revenue between 2000 and 2010. Miller Decl. ¶ 14.

Those contacts are too remote in time and too limited in financial significance to establish general jurisdiction in Rhode Island.

Aside from those isolated projects in Rhode Island, Defendant's only other contacts with the state is its registration as a foreign corporation with the Rhode Island Secretary of State office and Defendant's Contractor Renovation License. Even adding Defendant's corporate registration and Rhode Island license to the mix, Plaintiff has not established sufficient contacts with Rhode Island to support a finding that Rhode Island has general jurisdiction over Defendant. See Cossaboon, 600 F. 3d at 37. Accordingly, the Court concludes that Plaintiff has failed to establish general jurisdiction over Defendant in Rhode Island.

## IV. CONCLUSION

For the aforementioned reasons, this Court finds that Defendant did not consent to personal jurisdiction in Rhode Island and that Plaintiff has failed to establish that the Court has either specific or general jurisdiction over Defendant. Accordingly, Defendants' Motion to Dismiss is GRANTED.

SO ORDERED.

Mary M. Lisi
Chief United States District Judge
August 25 2010

10